UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


HOLLY HIBBARD

VERSUS

AT&T MOBILITY SERVICES, LLC

CIVIL ACTION

NUMBER 11-820-FJP-SCR

**ORDER TO AMEND NOTICE OF REMOVAL**

    Defendant AT&T Mobility Services, LLC removed this case from state court asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship. To establish diversity of citizenship, in the Notice of Removal the defendant alleged that plaintiff Holly Hibbard is a Louisiana citizen and it "is incorporated in Delaware and has its principal place of business in Georgia."[1]

    When jurisdiction depends on citizenship, the citizenship of each party must be distinctly and affirmatively alleged in accordance with § 1332(a) and (c).[2]

    Under § 1332(c)(1) a corporation is deemed to be a citizen of every state in which it is incorporated and of the state in which it has its principal place of business. For purposes of diversity, the citizenship of a limited liability company is determined by

---

[1] Record document number 1, § 4.

[2] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(quoting 2A Moore's Federal Practice ¶ 8.10, at 1662).

considering the citizenship of all its members.[3] Thus, to properly allege the citizenship of a limited liability company, the party asserting jurisdiction must identify each of the entity's members and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).[4]

Defendant's jurisdictional allegations are not sufficient to establish diversity jurisdiction. Defendant uses the abbreviation "LLC" as part of its name. The abbreviation typically is understood to mean the entity is organized as a limited liability company, whereas the defendant alleged in the Notice of Removal that it is "incorporated." If the defendant is organized as a corporation, then there is diversity of citizenship between the parties. But if it is organized as a limited liability company, then diversity of citizenship cannot be determined from the defendants allegations.

Therefore;

IT IS ORDERED that removing defendant AT&T Mobility Services, LLC shall have 14 days to file an Amended Notice of Removal which

---

[3] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *see Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 1021 (1990).

[4] The same requirement applies to any member of a limited liability company which is also a limited liability company or a partnership. *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154 (M.D.La. Sept. 24, 2007)(when partners or members are themselves entities or associations, citizenship must be traced through however many layers of members or partners there are).

clarifies its organizational form, and if it is organized as a limited liability company, properly alleges its citizenship.

**Failure to comply with this order may result in the case being remanded for lack of subject matter jurisdiction without further notice.**

Baton Rouge, Louisiana, December 8, 2011.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE